**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY L. LEWIS | ) | No.  EDCV 10-00119 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I.  BACKGROUND

Plaintiff Shirley L. Lewis was born on May 19, 1957, and was fifty-two years old at the time of her first administrative hearing. [AR 16.]  She has completed three years of college and has past relevant work experience as an eligibility technician, fine jewelry

sales specialist, and flight attendant. [AR 57, 16.]  Plaintiff alleges disability on the basis of severe depression, anxiety, panic attacks, severe hypertension, irritable bowel syndrome, spastic colon, a tear in the esophagus, asthma, and high blood pressure. [AR 181.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on January 22, 2010.  On July 21, 2010, Defendant filed an Answer and Plaintiff's Administrative Record ("AR").  On October 8, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits, alleging disability beginning April 30, 2001. [AR 11.]  After the claim was denied initially and upon reconsideration, Plaintiff requested an administrative hearing.  Two hearings were held on April 22, 2009, and June 12, 2009, before an Administrative Law Judge ("ALJ"). [Id.]  Plaintiff was represented by counsel at both hearings. [Id.]  Testimony was taken from Plaintiff, medical expert Samuel Landau, and vocational expert Sandra M. Fioretti. [Id.] The ALJ denied benefits in a decision issued on September 30, 2009. [AR 11-21.]  When the Appeals Council denied review on November 24, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; see also <u>Osenbrock</u>, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION FOR SUBSTANCE ABUSE

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett v. Apfel</u>, 180 F.3d at 1098; <u>Reddick v. Chater</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett v. Apfel, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett v. Apfel, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett v. Apfel, 180 F.3d at 1098 and n.3; Smolen v. Chater, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to

4

other work which is available in significant numbers. Tackett v. Apfel, 180 F.3d at 1098, 1100; Reddick v. Chater, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

However, "a finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007)(quoting Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001)). A claimant is not eligible to receive disability benefits if drug or alcohol addiction is a "contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(a), 416.935(a). The claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his or her disability. Parra v. Astrue, 481 F.3d at 748. If the Commissioner finds that the claimant is disabled and has medical evidence of the claimant's drug addiction or alcoholism, "the ALJ must conduct a drug and alcoholism analysis ('DAA Analysis') by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." Id., 481 F.3d at 747; 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2); see also Bustamante v. Massanari, 262 F.3d at 954; Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001); Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998). If the remaining limitations would still be disabling, then drug addiction or alcohol is not a contributing factor material to his disability. Parra v. Astrue, 481 F.3d at 747. If the remaining

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. Id.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that Plaintiff had the following "severe" impairments: hypertension, fatty accumulation in the liver, right hip degenerative disease, alcohol dependence, prescription drug abuse, depression, and irritable bowel syndrome (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing (step three). [AR 13-14.] The ALJ determined that based on all these impairments, including substance use disorders, Plaintiff has an RFC for sedentary work, except she is unable to sustain an eight-hour workday and a forty-hour workweek. [AR 16.] Plaintiff was unable to perform her past relevant work (step four). [Id.] The vocational expert testified that there are no jobs that exist in significant numbers in the national economy which a person with Plaintiff's RFC could perform (step five). [Id.]

The ALJ then considered whether Plaintiff would still be disabled if she stopped her substance abuse. The ALJ found that Plaintiff would continue to have a severe impairment or combination of impairments, but would not have an impairment or combination of impairments that meets or medically equals a listing. [AR 17.] The ALJ determined that if Plaintiff's substance abuse discontinued, Plaintiff would have an RFC to perform light work, except she is limited to stand and/or walk for four hours of an eight-hour workday and sit six hours of an eight-hour workday. Additionally, Plaintiff cannot climb ramps, stairs, ladders, scaffolds or ropes frequently, cannot run

and/or jump, cannot work around dangerous and/or fast moving machinery, and cannot operate motorized vehicles and/or equipment. Plaintiff cannot work at unprotected heights or around fumes, odors dust, gases or chemicals, and must be afforded an air conditioned work place. Plaintiff cannot work at a high quota production, rate and/or pace, cannot work where she is responsible for the safety of others, and cannot perform work requiring hyper-vigilance. [AR 18.] The ALJ concluded that if Plaintiff's substance abuse stopped, Plaintiff's impairments would not preclude her from performing her past relevant work as an eligibility technician (step four). [AR 21.] Accordingly, Plaintiff was not found "disabled" as defined by the Social Security Act. [Id.]

**C. ISSUE IN DISPUTE**

The parties' Joint Stipulation sets out a single disputed issue: "Whether the ALJ has properly considered the relevant medical evidence of record as it pertains to Plaintiff's mental impairments including the effect if any of Plaintiff's substance use disorder." [JS 3.]

Plaintiff contends that the ALJ's finding regarding Plaintiff's RFC without a substance use disorder was not supported by the record. [JS 4.] Plaintiff contends that there is no basis within the record from which to make a determination regarding the effect of alcohol or prescription drug use on Plaintiff's mental conditions and resulting RFC. [Id.] Plaintiff further alleges that the ALJ erred in failing to obtain an assessment from a mental health examiner or expert regarding the extent and severity of Plaintiff's mental limitations. [JS 6.]

Defendant contends that Plaintiff's failure to produce objective evidence of functional limitations due to a mental impairment does not trigger a responsibility for the ALJ to "create such evidence." [JS

9.] Defendant also asserts that the ALJ was entitled to draw an inference that Plaintiff would have an RFC to perform a range of light work activity without substance abuse, if it flowed logically from the evidence. [JS 15.]

**Background**

Although the record provides sufficient evidence of Plaintiff's physical and mental limitations, the record is sparse and conflicting with regard to the effect of Plaintiff's alcohol and prescription drug abuse.  On February 22, 2007, Plaintiff was admitted to Menifee Valley Medical Center with a two-day history of abdominal discomfort, nausea, vomiting, and blood in her stools. [AR 313.] A consultation report from the visit noted that Plaintiff has "significant alcohol consumption [] in the past few months drinking about a pint or quart of tequila . . . definitely an every day drinker and she was told to quit alcohol.  She also takes over the counter nonsteroidal anti[-]inflammatory agents in the form of Ecotrin." [Id.] The report also noted that Plaintiff suffers from alcoholism and alcoholic liver disease, and that chemical dependency counseling and alcohol rehabilitation is required. [AR 314.] A physical exam report from the same visit noted that Plaintiff drinks alcohol every day, and has an alcohol dependency and ETOH abuse (referring to ethanol).  Plaintiff was counseled about her ethanol use and a rehabilitation program was recommended. [AR 310-311.]  The discharge record, dated March 15, 2007, diagnosed Plaintiff with ethyl alcohol use and alcoholic hepatitis, which is inflammation of the liver due to excessive intake of alcohol.  This record also noted that Plaintiff has a "history of ethyl alcohol use, [and] she drinks alcohol heavily." [AR 308.]  It also noted that "patient wanted to go for outpatient rehabilitation

program. She was advised to avoid aspirin, nonsteroidal anti-inflammatory drugs and alcohol." [AR 309.] Plaintiff was admitted to Menifee Valley Medical Center again approximately one year later, on March 17, 2008, complaining of abdominal pain, nausea, vomiting and diarrhea. [AR 400.] The report noted that Plaintiff "drinks half a pint of alcohol every other day" and was "advised to avoid alcohol." [AR 402.]

The remainder of the record does not clearly indicate Plaintiff's medical history or functional capacity. Dr. John Harsany was Plaintiff's personal physician prior to 2001. [AR 43.] During his treatment, he prescribed medications to Plaintiff for her physical problems, as well as psychiatric medications when she was not in treatment with a psychiatrist. [AR 33-34.] Dr. Harsany's records consist of various tests and client notes, most of which are illegible, and do not provide any evidence of Plaintiff's functional limitations. [AR 338-379.]

Plaintiff testified that Dr. Harsany advised her to see a psychiatrist, and so he referred her to Dr. Prakashchondra Patel. [AR 32.] It is unclear when Dr. Patel began to treat Plaintiff, and for how long. Plaintiff testified that she began seeing Dr. Patel in 2000 or 2001, but Dr. Patel's records include a New Patient Form as well as other documents for Plaintiff dated June 14, 2005. [AR 43, 435, 442.] Additionally, Plaintiff did not clearly indicate how long she was actually treated by Dr. Patel. However, Plaintiff testified that she switched from Dr. Patel to Dr. Cathy Chance, who began treating her in approximately 2000. Plaintiff testified that she was treated by Dr. Chance until 2008, but later testified that the treating relationship lasted a little over a year. [AR 65, 32.]

1       Plaintiff's medical record was reviewed by the medical expert, Dr. Samuel Landau for purposes of the administrative hearing.  At the first hearing, Dr. Landau opined that Plaintiff has a history of asthma, hypertension, a fatty liver, mild degenerative arthritis of the right hip, and psychiatric diagnoses. [AR 58.]  Dr. Landau was not consulted regarding Plaintiff's substance abuse and was not present at the supplemental hearing. [AR 24.]

        As previously stated, the only documents available from Dr. Patel are a New Patient Form and assessment as well as a medication and treatment record. [AR 436-442.]  The only date on any of these records is June 14, 2005.  These documents indicate that Dr. Patel diagnosed Plaintiff with "Major Depressive Disorder, recurrent severe without psychotic features" and "panic disorder with agoraphobia." [AR 437.] However, he also noted that Plaintiff was awake and oriented, had normal speech, good concentration, her thought processes were goal directed, and she was of average intelligence. [AR 439.] With regard to alcohol, he noted that Plaintiff drinks one glass of wine in the evening, and was previously admitted to the Betty Ford Clinic in 1994 for an alcohol dependency problem. [Id.]

        There is little evidence in the record in the way of prescription drug abuse other than the reference to nonsteroidal anti-inflammatory drugs in the Menifee Valley Medical Center records.  At the supplemental hearing, the ALJ referenced a treatment note dated September 13, 2007 indicating that "patient is using two (2) pharmacies." [AR 46, 416.] Plaintiff claims this was in reference to the fact that she and her husband were using two different pharmacies, although the ALJ seemed doubtful because the notation was in Plaintiff's own treatment records. [AR 46.]

**Discussion**

42 U.S.C. 423(d)(2)(c) provides that "an individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." If a finding of disability is made, the materiality determination involves a process of separating the effects of the substance abuse and its impact on any other impairments, physical or mental. Bustamante v. Massanari, 262 F.3d at 955. The claimant has the burden of proving that substance abuse is not a contributing factor material to the finding of disability. Parra v. Astrue, 481 F.3d at 749. Inconclusive evidence as to the issue of materiality is insufficient to satisfy the claimant's burden of proof under the Act. Id. On the other hand, the ALJ has a duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented by counsel. Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); see also Sousa v. Callahan, 143 F.3d at 1245 (remanding to give claimant an opportunity to present evidence relevant to this issue).

In this case, the Commissioner's finding that substance abuse was a contributing factor material to the finding of disability was not supported by substantial evidence. As detailed above, the record is inadequate to determine Plaintiff's limitations without her substance abuse. For example, many of Plaintiff's limitations are psychological and mental, whereas the only documented result of her alcohol dependency is nausea, vomiting, and abdominal and rectal bleeding. Additionally, Plaintiff's own testimony did not provide any indication as to her abilities independent of the substance abuse. Although both

1 the ALJ and Plaintiff appeared to have made reasonable efforts to
2 secure more medical records from both Drs. Chance and Patel, they were
3 unable to do so. (AR 24, 60-61, 72-74, 398). Finally, although the
4 ALJ took the testimony of a medical expert, he offered no opinion as
5 to the effect of Plaintiff's substance abuse on her disability.
6 Accordingly, the record does not contain a clear statement from a
7 medical professional as to the effect on Plaintiff's claimed mental
8 impairment if she were to abstain from all substance abuse. Cf. Parra
9 v. Astrue, 481 F.3d at 750 (finding substantial evidence to support
10 finding of non-disability where medical expert testified that
11 abstinence generally ameliorates the effects of liver cirrhosis); see
12 also Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008)
13 (suggesting that ALJ solicit opinion from a treating physician and/or
14 have a medical expert testify about what limitations, if any, claimant
15 would continue to experience if his substance abuse ceased). Under
16 these circumstances, remand for further development of the record is
17 appropriate.

18     **D.**    **REMAND FOR FURTHER PROCEEDINGS**

19     The decision whether to remand for further proceedings is within
20 the discretion of the district court. Harman v. Apfel, 211 F.3d 1172,
21 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by
22 further proceedings, or where the record has been fully developed, it
23 is appropriate to exercise this discretion to direct an immediate
24 award of benefits. Harman, 211 F.3d at 1179 (decision whether to
25 remand for further proceedings turns upon their likely utility).
26 However, where there are outstanding issues that must be resolved
27 before a determination can be made, and it is not clear from the
28 record that the ALJ would be required to find the claimant disabled if

all the evidence were properly evaluated, remand is appropriate. <u>Id</u>. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

## VI. <u>ORDERS</u>

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 15, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge